## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Meridian Equipment Finance, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-6775 |
| | ) | |
| v. | ) | |
| Rejuvenation Treatment Center, LLC | ) | |
| d/b/a Center for Urology, Abraham L. | ) | Complaint filed: July 2, 2024 |
| Woods III, M.D., PA and Abraham L. | ) | Philadelphia Court of Common Pleas |
| Woods, III | ) | |
| Defendants | ) | Case No. 240700279 |
| | ) | |
| v. | ) | |
| BTL Industries, Inc. | ) | |
| Additional Defendant. | ) | |
| | ) | |

## DEFENDANTS REJUVENATION TREATMENT CENTER, LLC D/B/A CENTER FOR UROLOGY AND ABRAHAM L. WOODS, III'S ANSWER IN OPPOSITION TO DEFENDANT BTL INDUSTRIES, INC.'S MOTION TO DISMISS THE FIRST AMENDED JOINDER COMPLAINT

Respectfully submitted,

Law Office of Ying Zhou, PLLC

By:     /s/ Ying Zhou

_____
Ying Zhou, Esquire
PA Attorney I.D. No. 88761
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Phone: 215-477-1888
Fax: 267-775-3327
Email: ying@asklawyerzhou.com
Attorney for Defendants Rejuvenation
Treatment Center, LLC d/b/a Center for
Dated: February 19, 2025     Urology and Abraham L. Woods, III

Defendants, Rejuvenation Treatment Center, LLC d/b/a Center for Urology and Abraham L. Woods, III (collectively "the Woods Defendants") respectfully request that this Court deny Defendant BTL Industries, Inc.'s Motion to Dismiss the First Amended Joinder Complaint ("the BTL motion").

In support of this request and in response to the averments in the BTL motion, the Woods Defendants state that first, the first amended joinder complaint was filed in conformity with federal rules of civil procedures. The original joinder complaint against BTL Industries, Inc. ("BTL") was properly filed pursuant to the state court civil procedure rules on December 2, 2024. On December 5, 2024, the plaintiff filed an amended complaint naming Abraham L. Woods, III, M.D., PA. as an additional defendant to the action. On December 18, 2024, Counsel for BTL entered appearance and concurrently requested an extension of time to file their response to the joinder complaint and to which request, counsel for the Woods Defendants graciously granted. December 19, 2024, BTL filed a notice of removal transferring the matter to this court. As the removal occurred prior to the expiration of the 20-day response time for the amended complaint in the state court, the Woods Defendants filed their answer to Plaintiff's amended complaint on December 21, 2024. (*See* Doc #6). The filing of this answer to the amended complaint did not close the pleadings as the response to the joinder complaint against BTL was still pending at that time. Then, on January 10, 2025, BTL filed its first Rule 12(b)(6) motion to dismiss the joinder complaint and then, on January 18, 2025, the Woods Defendants filed the first amended joinder complaint in response to the motion to dismiss which mooted BTL's motion in accordance with the court's order on January 30, 2025. (*See* Doc #13). Then the instant second motion to dismiss was filed contending, *inter alia*, the first amended joinder complaint was filed not in conformity with Fed. R. Civ. P. 15(a)(2). BTL's contention is actually not an appropriate application of Rule 15 as the rule prohibits amending *the*

*complaint* without the consent of the other parties or by permission of the court once the responsive pleading has been served. The Woods Defendants' first amended joinder complaint does not amend Plaintiff's Complaint but their own joinder complaint against BTL which BTL responded to by filing the Rule 12(b)(6) motion. In accordance with Rule 15(a), the Woods Defendants have the right to file an amended joinder complaint in response to the motion to dismiss within twenty-one days. The first amended joinder complaint was filed only eight days after the motion to dismiss was filed and was therefore timely and properly filed. The Court, by issuing its Order denying BTL's first motion to dismiss on January 30, 2025 as moot, lends credence to the Woods Defendants' position that their filing of the first amended joinder complaint was in accordance with the federal rules of civil procedures. Based on the foregoing procedural history and a correct application of Rule 15, Defendant BTL's first ground for the dismissal of the first amended joinder complaint is without any merit.

The second ground of the BTL motion is also without merit. This court has the requisite specific jurisdiction over BTL as BTL's sale of the Emsella chair to the Woods Defendants via the supply chain financing arrangement with the Plaintiff bank made BTL an integral part of the equipment finance agreement ("EFA") the Woods Defendants executed with the Plaintiff bank. BTL also received pecuniary benefits from the Early Commencement Addendum to the EFA as the addendum enables BTL to receive 100% of payment on its invoice even before its delivery of the Emsella chair to the Woods Defendants. By its purposeful involvement in the dealings and/or transactions with Plaintiff and the Woods Defendants, for having benefited under the EFA, and for not raising any objections to the EFA's jurisdiction and forum selection clause, the existence of which BTL presumably was well aware of during its course of dealings with the plaintiff bank, the party that drafted the EFA and presumably selected the jurisdiction and forum, BTL is deemed to

have availed itself to the jurisdiction and laws selected under the EFA, and should reasonably be expected to be hauled into courts in Pennsylvania. Under a totality of the circumstances analysis which is the standard adopted in the 3rd circuit, BTL's actions have established the requisite "minimum contacts" required for this court's exercise of personal jurisdiction over it.

Thirdly, BTL's contention, that the Woods Defendants fail to state a claim against it as Plaintiff's complaint does not mention BTL and the EFA expressly contracted that BTL's actions could not be a defense against the Woods Defendants' failure to make financing payments, amounts a misconstruction of the tort theories of liability sufficiently set forth in the averments of the joinder complaint. In the attached memorandum of law, Respondent will set forth the facts and legal arguments consistent with the principle promulgated in the legal precedents of the Third Circuit that disclaimers in contracts excluding the contractual liability of a party do not immunize that party from fraud claims. Even with contractual disclaimers, a party can still be held liable for fraud if it knowingly made false statements or concealed material facts with the intent to deceive the other party.

WHEREFORE, Defendants, Rejuvenation Treatment Center, LLC d/b/a Center for Urology and Abraham L. Woods, III respectfully request that this Court deny Defendant BTL Industries, Inc's motion to dismiss the Woods Defendants' First Amended Joinder Complaint.

Respectfully submitted,

Law Office of Ying Zhou, PLLC

By:    */s/ Ying Zhou*

_____

Ying Zhou, Esquire
Attorney for Defendants Rejuvenation
Treatment Center, LLC d/b/a Center for
Dated: February 19, 2025                    Urology and Abraham L. Woods, III