**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Meridian Equipment Finance, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-6775 |
| | ) | |
| v. | ) | |
| Rejuvenation Treatment Center, LLC | ) | |
| d/b/a Center for Urology, Abraham L. | ) | Complaint filed: July 2, 2024 |
| Woods III, M.D., PA and Abraham L. | ) | Philadelphia Court of Common Pleas |
| Woods, III | ) | |
| Defendants | ) | Case No. 240700279 |
| | ) | |
| v. | ) | |
| BTL Industries, Inc. | ) | |
| Additional Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE WOODS DEFENDANTS'**
**OPPOSITIONS TO DEFENDANT BTL INDUSTRIES, INC.'S MOTION TO DISMISS**
**THE FIRST AMENDED JOINDER COMPLAINT**

                                                            Respectfully submitted,

                                                            Law Office of Ying Zhou, PLLC

                              By:    */s/ Ying Zhou*

                                                            Ying Zhou, Esquire
                                                           PA Attorney I.D. No. 88761
                                                           1700 Market Street, Suite 1005
                                                           Philadelphia, PA 19103
                                                            Phone: 215-477-1888
                                                           Fax: 267-775-3327
                                                           Email: ying@asklawyerzhou.com
                                                           Attorney for Defendants Rejuvenation
                                                           Treatment Center, LLC d/b/a Center for
Dated: February 19, 2025                       Urology and Abraham L. Woods, III

# TABLE OF AUTHORITIES

**CASES**

## U.S. Supreme Court

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955-1964-65 (2007) . . . . . . . . . . . . . . . 5

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985) . . . . . . . . . . . . . . . . . . . . .8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868 (1984) . . . . . 8

*Int'l Shoe Co. v. Wash.* 326 U.S. 310, 66 S. Ct. 154 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972) . . . . . . . . . . . . . . . . . . . 8

## Federal Court

<u>Third Circuit</u>

*Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141 (3d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . .8

*In re Burlington Coat Factory Sec. Litg.*, 114 F.3d 1410 (3d Cir. 1997)  . . . . . . . . . . . . . . . . . . . 5

*Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller*, 311 F.3d 198 (3d Cir. 2002) . . . . . . . . . . . . . . . 5

*Mellon Fank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992) . . . . . . . . . . . . . . . 4

*Patterson by Patterson v. FBI*, 893 F.2d 595 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014). . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SodexoMAGIC, LLC v. Drexel Univ.*, 24 F. 4th 183 (3d Cir. 2022). . . . . . . . . . . . . . . . . . . . . 11, 12

*Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) . . . . . . . . . . . . . . 5

<u>Other Circuits</u>

*Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731 (10th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . 4

District Court

*Dennis Van Veen v. AT&T Corp., et.al.*, 2011 U.S. Dist. LEXIS 88939 (E.D. Pa. 2011) . . . . . . . . 5

*In re Chocolate Confectionary Antitrust Litig.*, 602 Supp. 2d 538 (M.D. Pa. 2009) . . . . . . . . . . .4

*Mackin Eng'g Co. v. Am. Express Co.*, 2010 U.S. Dist. LEXIS 108395 (W.D. Pa. 2010) . . . . . . 5

*Reg'l Produce Coop. Corp. v. TD Bank, N.A.* 2020 U.S. Dist. LEXIS 50463 (E.D. Pa. 2020) . 5, 6

*SKF USA, Inc. v. Okkerse*, 992 F. Supp. 2d 432 (E.D. Pa. 2014) . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**

42 Pa. Cons. Stat. Ann. 5322(a)(1)(i)-(v). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**RULES OF CIVIL PROCEDURE**

F. R. C.P. 8 . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . 5
F. R. C. P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10
F. R. C. P.1 2(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 12
F. R. C. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Meridian Equipment Finance, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-6775 |
| | ) | |
| v. | ) | |
| Rejuvenation Treatment Center, LLC | ) | |
| d/b/a Center for Urology, Abraham L. | ) | Complaint filed: July 2, 2024 |
| Woods III, M.D., PA and Abraham L. | ) | Philadelphia Court of Common Pleas |
| Woods, III | ) | |
| Defendants | ) | Case No. 240700279 |
| | ) | |
| v. | ) | |
| BTL Industries, Inc. | ) | |
| Additional Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE WOODS DEFENDANTS' OPPOSITIONS TO DEFENDANT BTL INDUSTRIES, INC.'S MOTION TO DISMISS THE FIRST AMENDED JOINDER COMPLAINT**

This Court should deny Defendant BTL Industries, Inc.'s motion to dismiss the First Amended Joinder Complaint as 1) the joinder complaint at issue was filed in conformity Federal Civil Procedure Rule 15; 2) this Court has the requisite specific jurisdiction over BTL for BTL's actions established the "minimum contacts" required for the court's exercise of personal jurisdiction; and 3) the joinder complaint asserts independent causes of action in tort against BTL and the Woods Defendants' right to assert said claims against BTL is not precluded by the disclaimers in the contracts executed.

**I.      Factual Background and Procedural History**

In February 2022, Dr. Abraham L. Woods, a Florida-based solo urologist practicing under the name of Rejuvenation Treatment Center ("RTC"), signed up to purchase the Emsella chair manufactured by BTL Industries, Inc. relying on BTL's representation that the subject chair is a one of the kind, high-end effective treatment for incontinence and pelvic floor muscle

1

strengthening. At the time of purchase, BTL advised Dr. Woods that the Emsella chair had a market value of $179,000 but BTL was given him a "$20,000 discount" on it, for a final sale price of $159,000. BTL's representative also advised Dr. Woods that his purchase came with a non-negotiable "marketing package" including 1) a media stick featuring a customized marketing video of his practice, 2) an in-office video day to record his patients' testimonials about his practice, 3) Spark Marketing services to market his practice, and 4) appearing on Cox News Daily Two as a special guest. *See* Exhibit 2 of the First Amended Joinder Complaint (Doc #10).

To facilitate the financing on the purchase, BTL connected Dr. Woods to Meridian Equipment Finance, LLC ("Meridian"), a Pennsylvania registered corporation, with which Dr. Woods executed an equipment finance agreement ("EFA") with an "Early Commencement Addendum to Equipment Finance Agreement" enabling BTL to receive 100% payment on its invoice from Meridian prior to its delivery of the Emsella chair to Dr. Woods. *See* the EFA and the addendum in Exhibit A of Exhibit 1 attached to the First Amended Joinder Complaint (Doc #10). The EFA contains a jurisdiction and forum selection clause setting forth laws of Pennsylvania to be the governing law and Pennsylvania courts to have jurisdiction over any actions or proceeding to which [Meridian] is a party arising directly or indirectly from the EFA. *See* paragraph 20 of the EFA (Doc #10).

After making more than $60,000 in installment payments to Meridian on the equipment finance loan for approximately two years, Dr. Woods discovered in January of 2024 that urinary incontinence treatment chairs identical in design, technology and functionality as the Emsella chair were for sale online for under $5,000. *See* sample online listings of similar chairs for sale attached as Exhibit 3 of the First Amended Joinder Complaint (Doc #10). Dr. Woods also found the same exact Emsella chair made by BTL was selling online at an average price of $20,000 to $60,000,

2

all grossly lower than the $159,000 price he was contracted for. *See* sample online listings of BTL's Emsella chairs for sale, attached as Exhibit 4 to the First Amended Joinder Complaint (Doc #10).

Upon discovering this price discrepancy, Dr. Woods contracted BTL multiple times to inquire but received no response. As a last resort measure to prevent further financial loss, Dr. Woods stopped making payments to Meridian in April of 2024 under the belief that he was fraudulently induced by BTL into purchasing the subject chair for a price that grossly exceeded its market value by approximately $100,000. In addition, the non-negotiable "marketing package" that was included with the subject chair purchase generated no new patients for Dr. Woods. No marketing service from Spark Marketing was ever provided to him. Nor was he ever featured on Cox News Daily Two as promised.

On July 2, 2024, Meridian commenced the underlying debt action against the Woods Defendants in the Philadelphia Court of Common Pleas. The Woods Defendants filed, *inter alia*, a joinder complaint on December 2, 2024 joining BTL as an additional defendant and alleging causes of action in tort against same. On December 5, 2024, Meridian filed an amended complaint naming Abraham L. Woods, III, M.D., PA. as an additional defendant to the action. On December 19, 2024, BTL filed a notice of removal transferring the matter to this court. As the removal occurred prior to the expiration of the 20-day response time for the amended complaint in the state court, the Woods Defendants filed their answer to the amended complaint on December 21, 2024. (*See* Doc #6). The filing of this answer to the amended complaint did not close the pleadings as the response to the joinder complaint against BTL was still pending at that time. Then, on January 10, 2025, BTL filed its first Rule 12(b)(6) motion to dismiss the joinder complaint and then, on January 18, 2025, the Woods Defendants filed the first amended joinder complaint in response to the motion to dismiss. (*See* Doc #10). On January 30, 2025, this court issued an Order denying the

3

motion to dismiss as moot. On February 3, 2025, BTL filed the instant 12(b)(6) motion to dismiss the first amended joinder complaint.

## II. Legal Standard

With respect to motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Pennsylvania District Court in *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 555 (M.D. Pa. 2009) sets forth the following legal standard:

> Motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), like those for failure to state a claim under Rule 12(b)(6), require the court to accept as true the allegations of the pleadings and all reasonable inferences therefrom. *Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002)*. However, unlike *Rule 12(b)(6)*, *Rule 12(b)(2)* does not limit the scope of the court's review to the face of the pleadings. *See id.; Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 & n.1 (3d Cir. 1992)*. Consideration of affidavits submitted by the parties is appropriate and, typically, necessary. *Patterson by Patterson v. FBI, 893 F.2d 595, 603-04 (3d Cir. 1990)*.
>
> Although plaintiffs bear the ultimate burden of proving personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the preliminary stages of litigation. *Mellon Fank (E.) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)*. Rather, plaintiffs must merely allege sufficient facts to establish a primary facie case of jurisdiction over the person. *Id*. Once these allegations are contradicted by an opposing affidavit, however, plaintiffs must present similar evidence in support of personal jurisdiction. *Carteret Sav. Bank, 954 F.2d at 142 & n.1, 146; Patterson, 893 F.2d at 603-04*. "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction. . . . Once the motion is made, plaintiff must respond with actual [*557] proofs, not mere allegations." *Patterson, 893 F. 2d at 604*. When plaintiff responds with affidavits or other evidence in support of its position, however, the court is bound to accept these representations and defer final determination as to the merits of the allegations until a pretrial hearing or the time of trial. *Carteret Sav. Bank, 954 F.2d at 142 n.1* (stating that the "plaintiff need only plead [a] prima facie case to survive the initial [Rule 12(b)(2)] motion, but must eventually establish jurisdiction by a preponderance of the evidence") (citing *Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984))*.

*Id.*

As to the applicable inquiry under the Federal Rule of Civil Procedure 12(b)(6), our circuit court in *Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller*, 311 F. 3d 198, 215 (3d Cir. 2002), stated that:

> Courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party. *(Citations omitted)*. The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims. *(Citation omitted)*. "Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* (*Further citations omitted*). "[A] plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory." *Mackin Eng'g Co. v. Am. Express Co.*, 2010 U.S. Dist. LEXIS 108395 *4 (W.D. Pa. 2010) (*citing to*, *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008)). "However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim and enough specificity to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Id*. at *5. "The burden is on the moving party to show that the non-moving party has failed to allege facts sufficiently detailed to raise a right to relief above the speculative level." *See Dennis Van Veen v. AT&T Corp., et.al.*, 2011 U.S. Dist. LEXIS 88939 (E.D. Pa. 2011) (*citing to, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955-1964-65, 1974 (2007)).

Also, as a general rule, a district court in considering Rule 12(b)(6) motions "may not consider matters extraneous to the pleadings" so as not to convert the motion into one for summary judgment. *Reg'l Produce Coop. Corp. v. TD Bank, N.A*. 2020 U.S. Dist. LEXIS 50463, *9 (E.D. Pa. 2020) (*citing to*, *In re Burlington Coat Factory Sec. Litg*., 114 F.3d 1410, 1426 (3d Cir. 1997)). There are three exceptions to this rule that permit the courts to consider: "(1) exhibits attached to

the complaint; (2) matters of public record; and/or (3) undisputedly authentic documents integral to or explicitly relied upon in the complaint. *Id*. (*citing to, Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

### III.   Arguments

#### A. The first amended joinder complaint was filed in conformity with federal rules of civil procedure.

The first amended joinder complaint was filed in conformity with federal rules of civil procedure. The original joinder complaint against BTL Industries, Inc. ("BTL") was properly filed pursuant to the state court civil procedure rules on December 2, 2024. On December 5, 2024, the plaintiff filed an amended complaint naming Abraham L. Woods, III, M.D., PA. as an additional defendant to the action. On December 18, 2024, Counsel for BTL entered appearance and concurrently requested an extension of time to file their response to the joinder complaint and to which request, counsel for the Woods Defendants graciously granted. On December 19, 2024, BTL filed a notice of removal transferring the matter to this court. As the removal occurred prior to the expiration of the 20-day response time for the amended complaint in the state court, the Woods Defendants filed their answer to Plaintiff's amended complaint on December 21, 2024. (*See* Doc #6). The filing of this answer to the amended complaint did not close the pleadings as the response to the joinder complaint against BTL was still pending at that time. Then, on January 10, 2025, BTL filed its first Rule 12(b)(6) motion to dismiss the joinder complaint and then, on January 18, 2025, the Woods Defendants filed the first amended joinder complaint in response to the motion to dismiss which mooted BTL's motion in accordance with the court's order on January 30, 2025. (*See* Doc #13). Then the instant second motion to dismiss was filed contending, *inter alia*, the first amended joinder complaint was filed not in conformity with Fed. R. Civ. P. 15(a)(2). BTL's contention is actually not an appropriate application of Rule 15 as the rule prohibits

6

amending *the complaint* without the consent of the other parties or by permission of the court once the responsive pleading has been served. The Woods Defendants' first amended joinder complaint does not amend Plaintiff's Complaint but their own joinder complaint against BTL which BTL responded to by filing the Rule 12(b)(6) motion. In accordance with Rule 15(a), the Woods Defendants have the right to file an amended joinder complaint in response to the motion to dismiss within twenty-one days. The first amended joinder complaint was filed only eight days after the motion to dismiss was filed and was therefore timely and properly filed. The Court, by issuing its Order denying BTL's first motion to dismiss on January 30, 2025 as moot, lends credence to the Woods Defendants' position that their filing of the first amended joinder complaint was in accordance with the federal rules of civil procedure. Based on the foregoing procedural history and a correct application of Rule 15, Defendant BTL's first argument set forth in its motion for the dismissal of the first amended joinder complaint is without merit.

  **B. This Court has the requisite specific jurisdiction over BTL for BTL's actions established the "minimum contacts" required for this court's exercise of personal jurisdiction.**

This court has the requisite specific jurisdiction over BTL as BTL's sale of the Emsella chair to the Woods Defendants via the supply chain financing arrangement with the Pennsylvania-based Plaintiff bank, Meridian, made BTL an integral part of the EFA the Woods Defendants executed with Meridian. BTL also received pecuniary benefit from the Early Commencement Addendum to the EFA as the addendum enabled BTL to receive 100% of payment on its invoice even before its delivery of the Emsella chair to the Woods Defendants. (*See* said addendum attached to the first amended joinder complaint, Doc #10.) By its purposeful involvement in the dealings and/or transactions with the Plaintiff bank and the Woods Defendants, for having benefited under the EFA, and for not raising any objections to the EFA's jurisdiction and forum

selection clause, the existence of which BTL presumably was well aware of during its course of dealings with the plaintiff bank, the one presumably drafted the EFA and selected the jurisdiction and forum for the enforcement of the EFA, BTL is deemed to have availed itself to the jurisdiction and laws selected under the EFA, and should reasonably be expected to be hauled into courts in Pennsylvania on transactions it was integrally involved in and had primarily benefited on.

> Specific jurisdiction may be exercised over a non-resident defendant when the "claim is related to or arises out of the defendant's contacts with the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). For specific jurisdiction, the defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash*. 326 U.S. 310, 316, 66 S. Ct. 154 (1945). The plaintiff must show that: (1) there is a "substantial connection" between the defendant and the forum state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985);[1] and (2) the exercise of jurisdiction would not make litigation "so gravely difficult and inconvenient" that the party is severely disadvantaged, *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 18, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972).

*SKF USA, Inc. v. Okkerse*, 992 F. Supp. 2d 432, 442 (E.D. Pa. 2014).

---

[1] Pennsylvania's long-arm statute provides for specific jurisdiction when the cause of action arises from a defendant's business transactions within the Commonwealth. 42 Pa. Cons. Stat. Ann 5322(a)(1). Specifically, the statute states, *inter alia*, that:

> A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:
>
> (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:
>
> (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing **pecuniary benefit** or otherwise accomplishing an object.
>
> (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing **pecuniary benefit** or otherwise accomplishing an object with the intention of initiating a series of such acts.

(Emphasis added.) *SKF USA, Inc.at 992 F. Supp. 2d 432, 442, n.5* (quoting 42 Pa. Cons. Stat. Ann. 5322(a)(1)(i)-(v)).

BTL's contention that it has "no connection to this forum," as it is not incorporated in Pennsylvania, has no principal place of business, owns no real estate or property in Pennsylvania and its five Pennsylvania employees were not involved in the sale of the subject chair to the Woods Defendants, is misplaced. BTL's contacts with this forum arose from its involvement in the supply chain financing arrangement which was memorialized in the EFA and from its receipt of the pecuniary benefits from the Woods Defendants' execution of the Early Addendum to the EFA. Also, the Woods Defendants intend to show, through discovery, that BTL had systematic contacts with the Pennsylvania-based Plaintiff bank, in its supply chain financing arrangement with the bank, to facilitate the sale and financing of BTL's medical equipment. The fact there is a contractual disclaimer in the EFA regarding the non-liability of BTL on the contractual obligations of the Woods Defendants to Plaintiff bank does not by itself preclude the Woods Defendants from joining BTL in this action, asserting tort claims stemming from BTL's sale of the Emsellar chair. Even though BTL was not a party to the EFA at issue *per se*, it presumably has been systematically conducting business with the Pennsylvania-based Plaintiff bank and receiving pecuniary benefits from the supply chain financing arrangement with the Plaintiff bank for the sale of its medical equipment. It is certainly reasonable to conclude, based on the financially interdependent party relationship of the supply chain financing arrangement, BTL had availed itself in this jurisdiction by its utilization of and/or partnership with the Pennsylvania-based Plaintiff bank to fund its sale of the Emsella chair to the Woods Defendants and by not objecting to Plaintiff bank's jurisdiction and forum selection clause in the EFA under which it received pecuniary benefit. Conversely, it *would* offend the traditional notions of fair play and substantial of justice and compromise judicial economy to dismiss BTL from this action on the basis of a lack of personal jurisdiction when BTL systematically conducted business with the Pennsylvania-based plaintiff bank, and through such

arrangement, continuously received pecuniary benefits. For these reasons, Respondent, the Woods Defendants, submit that BTL's motion to dismiss on the basis of a lack of jurisdiction pursuant to Rule 12(b)(2) should be denied.

### C. The Woods Defendants' first amended joinder complaint properly asserts causes of action in tort against BTL under Rule 12(b)(6)

(1) The allegations against BTL in the first amended joinder complaint have been properly preserved in Defendants' *pro-se* answer to the original complaint and again in Defendants' amended answer to the amended complaint and the filing of the first amended joinder complaint was timely and appropriate

The Woods Defendants, prior to counsel's entry of appearance, did reference transactions with BTL in their *pro-se* answer filed on July 18, 2024 (*see* the pro-se answer, attached herein as Exhibit 1). The Plaintiff subsequently filed an amended complaint on December 5, 2024. Again, in the New Matter asserted in the amended answer to the amended complaint, filed on December 21, 2024, the Woods Defendants again referenced, in paragraph 29, "[t]he alleged injury and/or losses which are the subject of this Amended Complaint were **caused by parties** other than answering defendants and for whose actions answering defendants cannot be held responsible." (Emphasis added.) (*See* Doc #6). Furthermore, according to Rule 2253 of Pennsylvania rules of civil procedure, a joinder complaint is generally permissible, provided it is done within specific time frames. Pa. R.C.P. 2253. According to Rule 2253, a defendant may join an additional defendant without leave of court if the joinder is accomplished within sixty days after the service upon the original defendant of the initial pleading of the plaintiff **or any amendment thereof**, or within the time for filing the joining party's answer, whichever is later. *Id*. Here, the first amended joinder complaint against BTL was filed on January 18, 2025, which was well within sixty days after the filing and electronic service of Plaintiff's amended complaint, the operative pleading, on December 5, 2025. Therefore, BTL's whole line of argument that somehow Respondent's filing

of the first amended joinder complaint was inappropriate or untimely is without merit and should be disregarded.

> (2) The allegations in the first amended joinder complaint properly assert independent causes of action in tort against BTL

BTL asserts that the Woods Defendants fail to state a claim against it based on the following three grounds: 1) the contractual terms and conditions release BTL from liability from any representations beyond the assurance that the Emsella chair would be defect-free; 2) the terms of the EFA state that the Woods Defendants could not withhold payment on perceived issues with the Emsella device; and 3) BTL makes no representation with respect to the third party marketing services and thus, will not be held liable to any damages arising out of the service providers' performance of the marketing services. These assertions have no factual or legal merit.

First of all, the Woods Defendants' claims against BTL in their first amended joinder complaint stem from the independent tort theories of liability. BTL cannot claim immunity from tort liabilities by the contractual disclaimers in the EFA which BTL was not even a party to. Furthermore, the principle promulgated in the legal precedents of the Third Circuit is that disclaimers in contracts that exclude the contractual liability of a party do not immunize that party from fraud claims. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F. 4th 183, 2022 U.S. App. LEXIS 1617 (3d Cir. 2022). Furthermore, the gist of the action doctrine does not apply here because BTL's fraudulent misrepresentations of the market price of the Emsella chair and the efficacy of the marketing service package occurred prior to Dr. Woods' signing of the purchase order for the chair and the execution of the EFA with Plaintiff bank. The fraud claims against BTL do not depend on BTL's breach of a contractual duty to Dr. Woods, but rather they arise from BTL's precontractual duty not to deceive through misrepresentation that exists independently of a later-created contract. *SodexoMAGIC, LLC*, 24 F.4th at 217. "When a contractual duty duplicates an obligation generally

11

owed to another in society, the gist of the action doctrine does not bar a tort claim; it prevents only the contractual duty from serving as a basis for a tort claim." *Id*. Because the Woods Defendants' tort-based fraud claims against BTL would exist with or without a later-in-time contract, the gist of the action doctrine does not bar such a claim here. *Id*.

Secondly, the first amended joinder complaint is asserted against BTL based in tort and under the theory of fraud. Whether the Woods Defendants' act of withholding payment violated the terms of the EFA is irrelevant to this Court's determination on the sufficiency of the allegations of the first amended joinder complaint to survive the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Lastly, BTL claims that it made no representations as to the "third party" marketing services and thus, should not be held liable to any damages arising out of the service providers' performance of the marketing service. However, as alleged in the first amended joinder complaint, BTL informed Dr. Woods that the marketing package "came" with the chair and was "non-negotiable." (*See* paragraph 17 of the first amended joinder complaint, Doc #10.) Dr. Woods relied on BTL's representations when he executed the purchase order and subsequently, the EFA with Plaintiff Meridian Equipment Finance, LLC. (*See* paragraph 18 of the first amended joinder complaint, Doc #10.) The fact these "marketing services" turned out to be a sham supports Woods Defendants' fraud claims against BTL as BTL's contractual disclaimers do not insulate themselves from liability for fraudulent inducement. *Id*.

**IV.    Conclusions**

Based on the foregoing, Respondent, Defendants Rejuvenation Treatment Center, LLC d/b/a Center for Urology and Abraham L. Woods, III respectfully request this Court deny additional defendant, BTL Industries, Inc.'s motion to dismiss the first amended joinder complaint.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Law Office of Ying Zhou, PLLC |
| By: | */s/ Ying Zhou* |
|  | Ying Zhou, Esquire<br>PA Attorney I.D. No. 88761<br>1700 Market Street, Suite 1005<br>Philadelphia, PA 19103<br>Phone: 215-477-1888<br>Fax: 267-775-3327<br>Email: ying@asklawyerzhou.com<br>Attorney for Defendants Rejuvenation Treatment Center, LLC d/b/a Center for Urology and Abraham L. Woods, III |

Dated: February 19, 2025

13