IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERIDIAN EQUIPMENT FINANCE, LLC, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 24-6775 |
| | : | |
| REJUVENATION TREATMENT CENTER, LLC d/b/a CENTER FOR UROLOGY, *ET AL.* | : : : | |
| | : | |
| v. | : | |
| | : | |
| BTL INDUSTRIES, INC. | : | |

**McHUGH, J.**                                                                                                          **March 10, 2025**

**MEMORANDUM**

Plaintiff Meridian Equipment Finance, LLC ("Meridian") is a Pennsylvania-based corporation. Compl. ¶ 4, ECF 12. Defendant Abraham L. Woods, III is a Florida-based urologist, with related business entities also based in Florida ("Woods"). *Id.* ¶ 5-7. BTL Industries, Inc. ("BTL") is a Delaware corporation with its principal place of business in Massachusetts, *Id.* ¶ 8, which Defendant Woods seek to join in this action.

Woods sought to purchase a medical chair from BTL and executed a purchase order for the chair. *Id.* ¶ 15. Woods then executed a financing contract with Meridian to fund his purchase. *Id.* ¶ 18. Pursuant to the financing agreement, Meridian paid BTL for the full price of the chair prior to delivery. *Id.* ¶ 21. Woods was then required to pay Meridian back in installments over time. *Id.* ¶ 19. After 22 payments, Woods learned information that made him question whether BTL used deceptive business practices to induce his purchase of the chair at an inflated price. *Id.* ¶¶ 24-27. Woods then ceased making payments to Meridian, which promptly brought this action against Woods for repayment and replevin. *Id.* ¶¶ 27; ECF 12, Ex. 1.

Woods now seeks to join BTL, the seller in the underlying transaction, alleging that BTL fraudulently induced his purchase and should be held liable for Woods' resultant non-payment to Meridian.  *Id*. ¶¶ 34-35.  BTL moves to dismiss the joinder complaint for lack of personal jurisdiction.  That motion will be granted.

There is no basis on which to assert general jurisdiction over BTL Industries in Pennsylvania, for it has no "continuous and systematic" relationship with the state to render it "at home."  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Nor does specific jurisdiction exist here.  To establish specific jurisdiction, a defendant must have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Third Circuit has distilled *International Shoe*'s standard into a three-part test: "First, the defendant must have purposefully directed its activities at the forum.  Second, the litigation must arise out of or relate to at least one of those activities.  And third, ... the exercise of jurisdiction [must] comport with fair play and substantial justice."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).  As the Supreme Court has emphasized, the second part of that test requires "a connection between the forum and the specific claims at issue."  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 264 (2017).

Woods argues that BTL should be subject to specific jurisdiction because BTL received pecuniary benefit from the financing agreement between Woods and Meridian.  Woods avers that

> "[b]y [BTL's] purposeful involvement in the dealings and/or transactions with the Plaintiff bank and the Woods defendants, for having benefited under the [agreement], and for not raising any objections to the [agreement]'s jurisdiction and forum selection clause…BTL is deemed to have availed itself to the jurisdiction and laws selected under the [agreement],

and should reasonably be expected to be hauled into courts in Pennsylvania on transactions it was integrally involved in and had primarily benefitted on." ECF 15-2 at 15-16.[1]

This argument carries no weight. BTL was not a party to the financing agreement between Woods and Meridian. And that agreement makes any dispute between BTL and Woods wholly irrelevant to Woods' obligations to Meridian, because the Woods Defendants agreed under the terms of the financing agreement that they could not withhold payment based on perceived issues with the device purchased   ECF 12 at 18, ¶ 2 ("nonconformity of the Equipment" is not "a justification to nonpayment of the Installment Payments" … the borrower will "continue to make the Installment Payments in a timely manner notwithstanding any nonconformity of the Equipment").

BTL simply made a sale to Woods in Florida. It did not direct its activities to Pennsylvania, and its passive receipt of payment for that sale from a Pennsylvania-based financer is insufficient to put BTL on notice that it might be hailed into Pennsylvania courts. Woods may well have a meritorious claim against BTL, but this is not the forum within which to pursue it.

The joinder claim will be dismissed.

  /s/ Gerald Austin McHugh
United States District Judge

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.